**UNITED STATES of America, Appellee**

v.

**Eric WILKINS, Appellant.**

**No. 04–3124.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 24, 2007.

Roy Wallace McLeese, III, Assistant U.S. Attorney, Elizabeth Trosman, Assistant U.S. Attorney, Patricia Ann Heffernan, U.S. Attorney's Office, Kenneth L. Wainstein, Assistant Attorney General, U.S. Department of Justice, Washington, DC, for Appellee.

Jane Carol Norman, Bond & Norman, Washington, DC, for Appellant.

Before: GINSBURG, Chief Judge, SENTELLE, Circuit Judge, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed by counsel. It is

**ORDERED** and **ADJUDGED** that the District Court's denial of a certificate of appealability be and hereby is affirmed, appellant's request for a certificate of appealability from this court be and hereby is denied, and the Government's motion to dismiss this appeal be and hereby is granted.

On December 14, 1993, a jury convicted appellant Eric Wilkins of five counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and three counts of aiding and abetting the distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2. On February 24, 1994, appellant was sentenced to serve, concurrently, a 168–month term of imprisonment on each of the eight counts. On direct appeal, appellant challenged only the sentence imposed by the District Court. *United States v. Scales*, No. 94–3030, 1995 WL 66747 (D.C.Cir. Feb. 9, 1995). Following appeal, the case was remanded for individualized findings and resentencing. *Id.* On remand, the District Court resentenced appellant to the same terms of incarceration on February 29, 1996. This court upheld the sentence on February 20, 1997. *United States v. Scales*, No. 96–3032, 1997 WL 159409 (D.C.Cir. Feb. 20, 1997).

On April 13, 2000, appellant filed a motion pursuant to 28 U.S.C. § 2255 to vacate the judgment against him. The District Court denied the motion on July 26, 2004, and appellant filed a notice of appeal on August 2, 2004. Subsequently, on November 9, 2004, appellant filed a motion for a certificate of appealability ("COA") in this court. The appeal was held in abeyance and the question whether a COA should issue was referred to the District Court for its resolution in the first instance. On February 2, 2006, the District Court denied appellant's request for a COA. On March 30, 2006, the Government filed a motion to dismiss this appeal for lack of a COA, and appellant filed an opposition on April 19, 2006.

During the course of appellant's trial in 1993, the Government called Metropolitan Police Department ("MPD") Detective Johnny St. Valentine Brown, who was then assigned to the Narcotics and Special Investigations Division, as an expert witness to testify about the hierarchy of participants found in typical drug distribution networks as well as the relationships vertically within the hierarchy and horizontally amongst street dealers. Five years after Wilkins' conviction, Detective Brown resigned from MPD amidst allegations that he had falsified his academic credentials and professional certifications. Shortly thereafter, Brown pled guilty to eight counts of committing perjury in cases concerning drug-related crimes in which he appeared as an expert witness. *See* Bill Miller, *D.C. Police Expert Admits Perjury; Top Witness in Narcotics Cases Pleads Guilty To Lying About His Credentials*, WASH. POST, Feb. 11, 2000, at B3. Wilkins' appeal in this case rests solely on the effect, if any, of Brown's admission of perjury.

"[A] conviction obtained by the knowing use of perjured testimony is fundamen-

tally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (footnotes omitted); *see also Kyles v. Whitley,* 514 U.S. 419, 433 & n. 7, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); *United States v. Bagley,* 473 U.S. 667, 678–80 & n. 8, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *United States v. Williams,* 233 F.3d 592, 594 (D.C.Cir.2000). However, Brown did not plead guilty to perjury in Wilkins' case, and appellant points to no false statements in Brown's testimony during his trial.

Wilkins seeks to rely on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), claiming that the Government's failure to disclose Brown's perjury in *unrelated* cases worked a deprivation of Wilkins' constitutional rights, because evidence favorable to the accused was withheld by the prosecution. On this theory, appellant argues that it is reasonably likely that disclosure of the perjury would have affected the judgment of the jury, because the jury would have disregarded Brown's testimony. This same argument was raised and rejected in *United States v. Gale,* 314 F.3d 1 (D.C.Cir.2003). In *Gale,* as here, the defendant attempted an unsuccessful collateral attack of his conviction. The appeal was dismissed on two grounds. First, the court held that, because Gale could cite no perjury by Brown in his case, "there [could] be no *Agurs* violation." *Id.* at 4. Second, the court "consider[ed] the non-disclosure [of Brown's perjury] dynamically, taking into account the range of predictable impacts on trial strategy." *Id.* Applying this dynamic consideration and assuming, *arguendo,* that the Government had knowledge of Brown's prior perjury, *id.* at 2, the court held that Gale's *Brady* claim must fail because it could not be assumed

that, "had the impeachment evidence in question been disclosed to the defense, the government would have foolishly charged ahead, blindly offering Brown and exposing itself to his inevitable demolition on cross," *id.* at 4 (internal quotation marks omitted). Because Brown's "expertise was drawn not from his command of some arcane field but from an experience that is widely-shared in urban police forces," the court held that the prosecution would simply have "replaced [him] with a similarly qualified witness." *Id.*

*Gale* controls the disposition of this case. At appellant's trial, Brown did not make any statements concerning his academic credentials or professional certifications. The District Court thus properly held that "there appears no gap between Brown's statements and the truth." *United States v. Wilkins,* No. 92cr389–02, slip op. at 8 (D.D.C. July 26, 2004) (order denying motion to vacate based on newly discovered evidence). Moreover, the information about which Brown testified was of the "widely-shared" variety recognized in Gale, not based on personal knowledge of the events culminating in Wilkins' conviction. Applying the same dynamic consideration applied in Gale, we cannot assume that the Government would have plunged headlong into certain disaster by calling a wholly unreliable witness to the stand despite the availability of other experienced and more credible witnesses.

"For judges, the most basic principle of jurisprudence is that we must act alike in all cases of like nature." *LaShawn A. v. Barry,* 87 F.3d 1389, 1393 (D.C.Cir.1996) (internal quotation marks omitted). This means that "the *same issue* presented in a *later case* in the *same court* should lead to the *same result.*" *Id.* "Inconsistency [being] the antithesis of the rule of law," *id.,* we affirm the District Court's dismissal,

deny Wilkins' request for a certificate of appealability, and dismiss Wilkins' appeal.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc.* *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.